# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **A. ZAHNER COMPANY**, <br>     Plaintiff, <br><br> v. <br><br> **HENDRICK METAL PRODUCTS, LLC**, <br>     Defendant. | Civil Action No. 1:17-cv-4139 <br><br> Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, A. Zahner Company ("Zahner"), for its Complaint against Defendant, Hendrick Metal Products, LLC ("Hendrick"), states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action arising under Title 35 of the United States Code for infringement of U.S. Patent No. 7,212,688 ("the '688 Patent"), of which Zahner is assignee, directed to a computer program and method for converting an image to machine control data.

2. Hendrick has manufactured, sold, offered to sell, and installed custom perforated-metal installations bearing stylized images, which have been rendered onto metal by creating perforations of varying sizes in the metal surface. On information and belief, the method employed by Hendrick to make such custom perforated-metal installations infringes one or more claims of Zahner's '688 Patent.

### PARTIES, JURISDICTION, AND VENUE

3. Zahner is a Missouri corporation with a principal place of business at 1400 East 9th Street, Kansas City, Missouri 64106.

4. Hendrick is a Delaware limited-liability company with a principal place of business at 1320 Decade Court, Elgin, Illinois 60124.

5. This Court has subject-matter jurisdiction over this action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Hendrick because Hendrick maintains its principal place of business in this state and, on information and belief, Hendrick has made, sold, and/or offered to sell infringing products in this state.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

<b>ALLEGATIONS COMMON TO ALL COUNTS</b>

**A. Zahner and Its Patented ZIRA™ Technology**

8. Zahner is an internationally acclaimed engineering and fabrication company best known for the use of metal in the world of art and architecture. Zahner delivers highly crafted architectural metalwork for designers around the globe, and has done so for more than 110 years and four generations. Zahner's goal is to meet and exceed the expectations of clients through intelligent solutions and high-quality craftsmanship. Zahner integrates digital definition into the design and manufacturing processes, and successfully couples highly engineered surfaces with unequaled craftsmanship in all of its projects.

9. On May 1, 2007, the '688 Patent, entitled "Computer Program and Method for Converting an Image to Machine Control Data," was duly and lawfully issued by the United States Patent and Trademark Office. A true copy of the '688 Patent is attached as Exhibit A.

10. The '688 Patent is valid and enforceable.

11. On December 5, 2013, an *ex parte* reexamination of the '688 Patent was requested. As a result of reexamination, claims 3 and 4 of the '688 Patent were canceled; claims 1, 5–7, and 11–14 were determined to be patentable as amended; claims 2, 8–10, 15 and 16, each dependent on an amended claim, were determined to be patentable; and new claims 17–20 were added and

determined to be patentable. A true copy of the *ex parte* reexamination certificate is attached as Exhibit B.

12. Zahner's proprietary ZIRA™ technology incorporates the invention embodied in the '688 Patent. The ZIRA™ technology enables artists and architects to translate an image, graphic, or design of their choosing onto a metal surface of any size using any combination of selective embossing, cutting, or perforation of the metal. Any image, photograph, drawing, or pattern can be translated to the metal surface using ZIRA™ technology.

13. Zahner has also developed the web-based ImageWall™ application, which allows designers to directly create designs using the ZIRA™ Technology. The ImageWall™ app was launched for browsers on both Windows and OS X systems for ShopFloor™ platform. The web-based application gives designers access to build perforated facades using a simple interface, a configurator which allows users to upload their own imagery and configure their design using Zahner custom surfaces.

**B.    Hendrick and Its Infringing Method**

14. Hendrick is a manufacturer and seller of perforated and fabricated metal products for commercial and industrial applications.

15. In or about October 2014, representatives of Hendrick visited Zahner to discuss whether they were meeting Zahner's product needs and also to inquire about Zahner's patented ZIRA™ technology. Zahner subsequently offered to license Hendrick under the '688 patent, but Hendrick refused to take a license.

16. On information and belief, Hendrick uses a method of creating pixelated artwork, which renders images onto metal by creating perforations of varying sizes in the metal surface. On

information and belief, Hendrick began making, selling, and/or offering to sell products made using this method in or before 2015.

17. On information and belief, Hendrick used an infringing method in a multi-panel installation of stylized animal images at the Mayo Clinic Square building in Minneapolis, Minnesota. The installation is depicted on Exhibit C, an image from Hendrick's website. On information and belief, Hendrick's infringing method included at least the steps of: a) receiving at least one image file depicting the animals; b) converting the image file to an intermediate file comprising a series of dots that vary in dimensional size according to and in order to show the image of the animals; c) displaying and manipulating the dots to accommodate features of the surface of the building; d) converting the intermediate file into at least one control file, the control file being operable to be utilized by a machine to physically manipulate the surface according to the dots, thereby transferring the representation to the surface; and e) scaling the intermediate file to the surface by dividing the intermediate file into a plurality of sub-components, wherein each of the sub-components corresponds to one of the individual sheets that are visible in Exhibit C. The individual sheets are combined to form the surface, which is larger than the machine used to physically manipulate the surface could handle at one time. Accordingly, the method employed by Hendrick to create custom pixelated artwork by rendering images onto metal by creating perforations of varying sizes in the metal surface infringes one or more claims of Zahner's '688 Patent.

18. On information and belief, Hendrick has used the infringing method on other installations and will continue to use the infringing method.

19. On or about July 12, 2016, Zahner, by and through its counsel, sent a letter notifying Hendrick of its infringement of the '688 Patent. Zahner demanded that Hendrick cease and desist

manufacturing and installing perforated panels produced via the infringing method, and requested an accounting from installations of product made via infringing methods, including but not limited to the Mayo Clinic Square installation described in paragraph 17, above. A true copy of the July 12, 2016 letter is attached as Exhibit D.

20. In subsequent correspondence, Zahner has repeatedly sought information from Hendrick about why Hendrick believes its process does not infringe. In its response, a letter dated February 21, 2017, Hendrick refused to provide the factual information requested by Zahner. Instead, Hendrick provided incomplete, hypothetical information regarding ways it alleged that infringement could be avoided. The hypothetical information provided by Hendrick suggests, among other things, that Hendrick has sought and continues to seek to avoid infringement of the '688 Patent by relying on others with whom Hendrick is acting in concert to perform one or more steps of the method claimed in the '688 Patent.

21. Hendrick has not been granted a license or other authorization to use the invention described and claimed in the '688 Patent.

### COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,212,688

22. Zahner incorporates by reference paragraphs 1 through 21, above.

23. Zahner is the owner by recorded assignment of the '688 Patent, with ownership of all substantial rights therein, including the right to exclude others, to grant licenses, and to sue and recover damages and seek injunctive relief for past and future infringement of the '688 Patent.

24. On information and belief, Hendrick has directly infringed and continues to directly infringe at least Claim 1 of the '688 Patent by, among other things, performing each and every element of the method patented in Claim 1 and offering for sale and/or selling products created by

performing each and every element of the method patented in Claim 1. Hendrick is therefore liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271(a).

25. In the alternative, on information and belief, Hendrick has acted with others—in a joint enterprise, by directing and controlling the performance of others, and/or by conditioning participation in an activity or receipt of a benefit by others upon performance of one or more elements of the method patented in Claim 1 and establishing the manner or timing of that performance by others—to directly infringe and continue to directly infringe at least Claim 1 of the '688 Patent by, among other things, performing each and every element of the method patented in Claim 1 and offering for sale and/or selling products created by performing each and every element of the method patented in Claim 1. These actions of others are thus attributable to Hendrick, which is therefore liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271(a).

26. Hendrick's infringement has continued notwithstanding its notice of the '688 Patent and is therefore willful and in bad faith.

27. Zahner has been harmed by this infringement and is entitled to an injunction and compensation in an amount no less than a reasonable royalty as well as its lost profits for Hendrick's infringement. Zahner will also seek a permanent injunction barring Hendrick from performing the method claimed in the '688 Patent and selling its infringing products created by performing the method claimed in the '688 Patent.

## PRAYER FOR JUDGMENT AND RELIEF

Based on the foregoing, Zahner respectfully request that the Court grant judgment and relief as follows:

    (a) Judgment in favor of Zahner that Hendrick has infringed the '688 Patent;

(b) A permanent injunction enjoining Hendrick, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from infringing the '688 Patent pursuant to 35 U.S.C. § 283;

(c) Judgment in favor of Zahner for all damages it has suffered as a result of Hendrick's infringement, including lost profits, costs and expenses, together with pre- and post-judgment interest thereon, and all other damages permitted under 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

(d) A determination that this case is exceptional pursuant to 35 U.S.C. § 285;

(e) A judgment and order awarding Zahner its attorney fees and costs incurred pursuant to 35 U.S.C. § 287; and

(f) Such other relief as the Court or a jury deems just and proper.

## **JURY DEMAND**

Zahner demands a trial by jury of all matters to which it is entitled to a jury trial under Fed. R. Civ. P. 38.

May 31, 2017                                  Respectfully Submitted,

*s/ Peter M. Spingola*
Peter M. Spingola (IL ARDC 6243942)
   pspingola@chapmanspingola.com
**CHAPMAN SPINGOLA LLP**
190 South LaSalle Street, Suite 3850
Chicago, Illinois 60603
(312) 606-8754   Fax: (312) 630-9200

Scott R. Brown
   (*pro hac vice* application forthcoming)
   sbrown@hoveywilliams.com
**HOVEY WILLIAMS LLP**
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 642-9050   Fax: (913) 642-9057

ATTORNEYS FOR PLAINTIFF